J. W. CASH v. SONKEN-CALAMBA COMPANY, Appellant.—17 S. W. (2d) 927.

Court en Banc, March 27, 1929.

*Ringolsky, Friedman, Boatright & Jacobs* for appellant.

*Gamble, Trusty & Pugh* for respondent.

352

WALKER, J.—This is an action for damages for personal injuries due to the alleged negligence of the appellant, a corporation. Tried to a jury there was a verdict for $9450, which, after the overruling of a motion for rehearing, was reduced to $7000, and a judgment entered therefor, from which the defendant appealed to the Kansas City Court of Appeals. That court affirmed the judgment, but transferred the case to the Supreme Court on the ground that its opinion was in conflict with a ruling of the St. Louis Court of Appeals in the case of Gray v. Light & Power Co., 282 S. W. 490, in holding that the respondent, as a matter of law, was not guilty of contributory negligence.

The appellant's place of business is located in the State of Kansas adjacent to the Missouri state line and near what is known in Kansas City, Missouri, as the "West Bottoms." It there owns and operates a general junk business and a plant for the reclamation of metal, rags and paper.

The accident which resulted in respondent's injuries occurred on the afternoon of March 6, 1920. The sky was clear and the weather dry. Respondent, as switch foreman of the Missouri Pacific Railway Company, was engaged in delivering three cars loaded with junk over its cross track to the yard of the appellant. These cars, before delivery, were weighed by appellant's yard foreman. The respondent was near at hand at the time, and after the cars were weighed he directed appellant's foreman to move the flat car belonging to the appellant from track No. 7, to enable the loaded cars to be placed in its yard. This flat car had thereon an engine and a crane to facilitate the unloading of heavy material from cars in appellant's yard, delivered to it by railroad companies. The respondent, while standing near the scales during the weighing of the cars, says he saw a coil of wire on the journal box of the west side of the truck of appellant's flat car on track No. 7. He did not mention this fact to the appellant's yard foreman who was present. No person saw the wire on the journal box, except the respondent. With this knowledge he ordered the appellant's employees to move the flat car, on the journal box of which he says the coil of wire was resting, from track No. 7, that he might use that track in placing appellant's

loaded cars. In so doing he knew, as the evidence discloses, that the switch engine with the loaded cars would pass over the track near where he was then standing and on which he received his injuries,

Respondent's injury happened, concisely stated, as follows: The engine and three loaded cars, in passing over the Missouri Pacific cross-over track, passed respondent, who was waiting for them. On the last car passing him, on the truck or brake rod of the same, there was attached a wire which was dragging between the rails of the track for a distance of fifteen or twenty feet from the car and, still further back was unwinding from a coil. Respondent, without looking, as this car was dragging and unwrapping the coil of wire passed him, attempted to cross over the track and his foot caught in the wire and he was dragged thirty or forty feet until the train, was stopped and he was released. Respondent testified that the coil of wire he saw on the journal box of the flat car ten minutes before he was hurt was not on the journal box when he was loosened from the wire. This is the only circumstance tending to show that the wire with which the respondent became entangled was the same as the one he saw on the journal box of the flat car.

The respondent's interpretation of the testimony, which was that adopted by the jury, but which is based upon an assumption rather than proof, is that the strand of wire in which respondent became entangled was unwound from the coil he saw on the journal box of the flat car, which had, in passing the switch engine and the loaded cars, become so attached to the truck or brake rigging of the loaded rear car as to trail along behind the latter, causing respondent's injuries. There is nothing in the evidence, however, other than as stated, to show where the wire in which respondent became entangled, came from or in what manner it became attached to the brake rigging of the loaded car.

There was a settlement without suit made between the Missouri Pacific Railway Company and the respondent whereby he accepted as a full release against it for the injuries for which he sues the appellant the sum of $550, and an agreement whereby he was to continue in the employment of the railroad company, with a retention of his rights of seniority. After his recovery he returned to work for the company at increased wages and was so employed at the time of the trial. Three months thereafter he filed this suit against the appellant, praying damages in the sum of $25,000.

At the close of the respondent's evidence, and again at the close of all of the evidence, there was offered and the court refused a peremptory instruction to find for the appellant. The appellant's insistence was that the respondent was guilty of contributory negligence as a matter of law and therefore he was not entitled to recover.

I. Where a case is transferred from a Court of Appeals to the Supreme Court the latter becomes possessed of full and complete jurisdiction to hear and determine the cause or proceeding as in a case where jurisdiction is acquired by ordinary appellate process. [Sec. 6, Amendt. 1884, Const. Mo.; Berberet v. Elec. Park Amusement Co., 3 S. W. (2d) l. c. 1027; Williams v. K. C. Term. Ry. Co., 288 Mo. 11, 17 and cases; Hayes v. Sheffield Ice Co., 282 Mo. 446, 452; Robertson v. Robertson, 270 Mo. 137; Keller v. Summers, 262 Mo. 324, 331.]

Upon the transfer at bar having been made, under the conditions set forth, the appellant was authorized to submit the case for hearing as in an appeal from the trial court; or content himself with a submission of the assignments of error and the briefs filed in the Court of Appeals.

There is no merit, therefore, in the contention that the appellant must be limited to the assignments of error made and points submitted in the Court of Appeals. There is no ruling in the Honea case, 245 Mo. 621, to sustain the respondent's contention as to the limitations to be imposed upon the appellant upon the transfer of the case to this court. There is no effort made by the appellant to enlarge its defense beyond that preserved in its motion for a new trial and urged in its assignments of errors upon a transfer to this court. Therefore the Court of Appeals cases cited by the respondent are not applicable. The appellant's motion for a new trial and his assignments of error filed in this court are sufficiently comprehensive to authorize the defense made on this appeal.

II. The defense of contributory negligence is available, though not pleaded, if respondent's proof shows him to be guilty of contributory negligence as a matter of law which would bar a recovery. In the absence of such proof the defense is not available unless pleaded. [Benjamin v. Railroad, 245 Mo. 598, 151 S. W. 91; Boesel v. Wells Fargo, 260 Mo. 463, 169 S. W. 110.]

The contention of the appellant in this behalf, as shown by the respondent's testimony, is that ten minutes before his injury, he saw a coil of wire on the journal box of the appellant's flat car and without notifying appellant's employees, who were at the time in his immediate presence, he ordered the car removed from the track where it was standing and without looking at the track he stepped into the entangling wire; that in so doing he had actual knowledge of appellant's negligence and ignored the same.

III. It is essential to a proper determination of this case that the legal relation of these parties to each other be accurately de-

termined. The respondent, at the time of his injuries, was on the premises of the appellant under the implied invitation of the latter to perform services for it, viz.: that of placing cars being delivered to the appellant, in its yard. Under these circumstances he became an invitee of the appellant. The rule in regard thereto, as succinctly stated by this court in a number of cases, is to the effect that one who goes upon the premises of another by that other's invitation and for that other's purposes is an invitee and the duty of that other is to take ordinary care to prevent his injury. [Solomon v. Moberly Co., 303 Mo. 622, 262 S. W. 367; Applegate v. Railroad, 252 Mo. 173, 187, and cases, 158 S. W. 376; Glaser v. Rothchild, 221 Mo. 180, 185, and cases, 120 S. W. 1; McCullen v. Fishell Bros., 199 S. W. (Mo. App.) 439, 442. and cases.] A technical construction of the testimony may tend to show that the respondent was, at the time of injury, about to become an invitee, rather than that the relation then existed. Under that interpretation of the testimony the appellant did not owe the respondent any greater duty than if the relation had been established. The concrete facts are that the respondent ordered transferred from appellant's premises, a condition alleged by him to be the cause of his injuries, to his place of work. His authority to do this is fully shown by the testimony. Thus empowered and the movement of the condition resulting in his injury, the measure of the appellant's duty is in no way increased over and above that which would render him liable if the relation of invitee had been fully established and the respondent had at the time of the injury been upon the premises of the appellant and his injuries had, as the facts show, been caused by a condition of which the respondent had as full, if not more knowledge than the appellant.

The case of Vogt v. Wurmb, 318 Mo. 471, 300 S. W. 278, decided by this court, correctly declares the measure of liability applicable in cases of this character. In that case, plaintiff, a business invitee, ascended a flight of stairs to defendant's place of business. The stairs had been recently painted, and to protect the paint small strips of board had been laid on the steps. Plaintiff ascended these steps safely. As she descended, she fell and injured herself and brought suit, claiming that it was negligence to have put the boards on the steps without fastening them. The trial court sustained a demurrer to the evidence which this court affirmed, saying (page 475):

"On the facts of this case we have to consider, not the duty which a carrier owes to a passenger, or an employer to an employee, or a municipality to the traveler on its thoroughfares, but that which the owner or occupier of land owes to his invitee. With respect to this latter duty and the liability growing out of its breach, the well-

settled rule is this: The owner of lands is liable in damages to those coming thereon, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the premises, which is known to him and not to them, and which he has suffered negligently to exist, and of which they have received no notice. [Main v. Lehman, 294 Mo. 579, 243 S. W. 91; Mullen v. Sensenbrenner Merc. Co. (Mo.), 260 S. W. 982, 33 A. L. R. 176; Welch v. McAllister, 15 Mo. App. 492: Donaldson v. Wilson, 60 Mich. 86, 1 Am. St. 487; Calvert v. Springfield Light Co., 231 Ill. 290; 83 N. E. 184, 14 L. R. A. (N. S.) 182, 12 Ann. Cas. 423; Bennett v. Railroad, 102 U. S. 577, 26 L. Ed. 235; 20 R. C. L. 56, par. 52.] In Ruling Case Law, supra, it is said:

" 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. . . . And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant.'

"Applying the principles just stated to the facts disclosed by the record, it is clear that no liability exists. The method of protecting freshly painted steps which are in use by laying boards on the treads is one commonly employed. While somewhat more care is required to walk up or down steps covered as were these complained of in this case than ones not so covered, they were not inherently dangerous. But in any event whatever danger inhered their condition was perfectly obvious. There was no lurking peril; nothing touching the physical situation was hidden or concealed. What plaintiff saw in going up the steps and upon her return to come down them disclosed to her all the information which the proprietors of the store had touching both their condition and the care required to use them with safety."

The rule announced in the Vogt case may, with propriety, be applied in the instant case, that there being no presumtion of negligence on the part of the appellant merely upon the showing that an injury has been sustained to the respondent who was rightfully on the premises, then the true measure of the appellant's liability is its superior knowledge of the perilous condition and the danger there-

from to the respondent when going upon the property. Therefore, superior knowledge being the test, then what the respondent saw disclosed to him all the information that the appellant or its employees could · have possessed.

This being true the conclusion is not only reasonable but inevitable that the respondent was guilty of contributory negligence. He had as much knowledge, and in fact more as to the actual condition, than the appellant. Whatever danger inhered in the condition became, by his seeing it, perfectly obvious. There was nothing hidden or concealed and no lurking peril of which the appellant had superior knowledge to that possessed by the respondent. The appellant's lack of knowledge of the condition to which the respondent assigns as the cause of his injuries, is a complete answer to any contentions that the appellant should have anticipated what would likely happen, and that the appellant should have warned respondent of the condition. [Main v. Lehman, 294 Mo. 590-591, 243 S. W. 91.]

In Mullen v. Sensenbrenner Merc. Co., 260 S. W. 982, this court held that defendant's demurrer to the plaintiff's case ought to have been sustained. Plaintiff, in that case, was a business invitee of defendant's store. She charged that the tile entrance to the store was unusually sleek and at a dangerous slope; that it had a crack in it; that defendant failed to roughen the tile or spread sawdust or mats to prevent persons from slipping, and that defendant should have warned plaintiff of the dangerous condition. The court in ruling upon this question said:

"The proprietor in such cases is only required to exercise reasonable care to make the floor reasonably safe for invitees, or to give the invitees notice of dangers known to him and unknown to the invitee. [Main v. Lehman, supra, 294 Mo. 590-591, 243 S. W. 91, and cases there cited.] In this case the plaintiff fully viewed the entrance as she went into defendant's store. She saw that it was of tile, and saw the kind of tile it was, and could see and feel how smooth or slick it was. She saw that it was without rugs or covering, and noticed its slope. She was fully notified of the condition and character of the entrance and of all danger, if any, connected therewith when she entered defendant's building. She says she was familiar with sloping tile entrances, and that they were all right going up, but the danger was in walking down. Defendant knew of no condition or danger connected with said entrance not known or visible to plaintiff. It was high noon, and perfectly light. Under such circumstances defendant was not liable for plaintiff's injury in coming out of said building over such entrance. . . .

"Furthermore, while in the absence of notice or knowledge of an obstruction or defect in a street, a pedestrian may presume the way is clear, yet, after notice of any such defect, he is guilty of contribu-

tory negligence, if he shortly afterwards fails to look out for such defect in his pathway, and is injured thereby. [Citing numerous cases.]

"The same rule should apply to invitees entering defendant's premises. In this case plaintiff had fully observed the entrance and its condition when she entered defendant's store. She was injured about twenty minutes afterward in passing over said entrance in leaving said store. She testified that she had previously entered other stores with tile floors, and they were nothing new to her; that 'walking up an incline on a tile floor is all right, but not in coming down.' She saw when she entered that it was a tile floor, and that 'it was quite an incline,' and she then looked where she was walking, but in going out she testified she did not look at the floor or observe the incline, but looked straight ahead. She says she went out of the store because she was not promptly waited upon. Under the above authorities we are satisfied that, if there had been any negligent condition of the entrance, plaintiff's failure to look where she was walking when she went out and was injured was such contributory negligence on her part as a matter of law as to bar her recovery in this case.''

In Waldmann v. Skrainka Constr. Co., 233 S. W. 242, this court effectively disposed of the contention that the respondent is here making, that notwithstanding he saw the wire, still he had a right to presume or rely upon a presumption that defendant would remove it in time to protect him. This court in that case points out, that the rule only applies, where the plaintiff is not put upon notice. The court was there speaking in a highway case, and said that where a traveler along a public street ''sees or otherwise receives actual notice that such street is out of repair or torn up, he must look for obstructions or other dangers and avoid them if he can do so by exercising ordinary care.''

If it was negligence for the appellant to allow wire and other material to be scattered over its yard in a manner to render it possible for such material to be dragged upon the tracks, it is enough to say that the respondent knew of this condition. If, therefore, it was the duty of the appellant to keep wire and other material off of the tracks, the respondent knew, as the testimony shows, that such duty was daily violated and had been ever since he began work in the yards, and he could not therefore rely upon any presumption that might exist in favor of one who had no knowledge of the actual condition. This rule has been tersely stated in O'Connor v. Railway, 94 Mo. 150, in which this court said in effect that one is not bound to anticipate negligence. This rule was made in a case in which the plaintiff had no knowledge or reason to anticipate danger.

An additional well-established rule stated in the O'Connor case is thus set forth in Shearman & Redfield on Negligence, page 230, section 92:

"But if the plaintiff sees, or by ordinary care could see, that the defendant has in fact negligently exposed him to the risk or injury, or will probably do so, he can no longer rely upon this presumption, and must use all the additional precautions, on his own part, which a person of ordinary prudence would use in view of the circumstances as they are, and not as they ought to be. . . .

"While plaintiff is not bound to anticipate that defendant will be negligent, and his failure to do so cannot be attributed to him as contributory negligence, the rule has relation to normal conditions, that is to things as they ought to be, to situations where the plaintiff has neither knowledge nor notice of such facts as would cause a person of ordinary prudence to anticipate the particular negligence causing the injury. It has no reference to the case of one who either knew of such negligence by the defendant as would cause one reasonably to expect the continuance thereof as causing the injury, or knew of the danger and failed to take reasonable precautions against it, or where it was his duty to have known, or in the discharge of his duties as a man of ordinary prudence he would have known."

See, also, Van Bach v. Mo. Pac. Ry. Co., 171 Mo. 338; Clark v. Ry. Co., 127 Mo. 197; Lynch v. St. Ry. Co., 112 Mo. 420.

In view of the facts and the rulings of our own court in cases of like character, we have no hesitancy in holding that there was an absence of that equality of knowledge in the parties hereto, which constitutes the true criterion of liability. The respondent's evidence, under a fair consideration of the same, shows that he was guilty of contributory negligence as a matter of law.

He was a man about forty-seven years of age at the time of the trial. He had been a railroad switchman for more than twenty years. He knew or may be held to have known, from his long experience as a railroad man, that a coil of wire on the journal box of a car was no part of the same. He knew, or must be held to have known, the condition of the appellant's yard from day to day, and armed with, this knowledge he caused the car on which he saw the coil of wire, to be brought out. Notwithstanding his familiarity with all of the conditions existing in the yard at the time of his injury he proceeded, without looking, to walk across the track, either indifferent to or as if inviting injury. Under this state of the facts we are of the opinion that he was guilty of such contributory negligence as a matter of law as to bar his recovery of damages in this case.

The judgment of the trial court is therefore reversed. It is so ordered. All concur except *Frank, J.*, not sitting.