Charles DIXON, Respondent,

v.

GENERAL GROCERY COMPANY, a
Corporation, Appellant.

No. 44913.

Supreme Court of Missouri.
Division No. 2.

July 9, 1956.

Motion for Rehearing or to Transfer to
Court en Banc Denied Sept. 10, 1956.

Byron G. Carpenter, Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, for appellant.

Cleo V. Barnhart and Robert D. Bransford, St. Louis, for respondent.

BOHLING, Commissioner.

Charles Dixon recovered a judgment for $11,000 for personal injuries against the General Grocery Company, a corporation. Defendant has appealed and alleges error in submitting plaintiff's case and in giving plaintiff's main instruction. No issue exists respecting the pleadings.

Plaintiff was an employee, a window washer, of the Aetna Window Cleaning Company, a corporation. On the morning of September 29, 1953, a clear day, the Aetna company instructed Charles Warner, another Aetna window cleaner, and plaintiff to wash the first and second floor windows of defendant's building. The building is located at the southwest corner of the intersection of Clark, an east-west street, and 8th street, St. Louis, Missouri. There was testimony for defendant that the Aetna company had been cleaning the windows on the first and second floors of defendant's building for 15 or 20 years; that defendant's general offices, where the employees worked at desks and performed bookkeeping, billing and other general office work, was on the second floor, and the windows were washed that the work might be better accomplished; that the several stories above the second floor were used as a warehouse, where defendant stored merchandise to fill orders, and the windows above the second floor were never washed.

Plaintiff and Warner arrived at defendant's building shortly before noon and started washing the second floor windows on the north or Clark street side. The windows are steel windows. Each window contains rectangular panes, having five panes horizontally and five panes vertically, the greater length being vertically. The window washers use a bucket of water, sponge the panes, beginning at the top, and then use a squeegee. The two window cleaners worked together. Warner would wash the inside panes while plaintiff, using a ladder for the second floor, would wash the outside panes. After finishing the second floor windows facing Clark street, they started working south on the windows facing 8th street.

There is a loading platform or dock on the 8th street side of defendant's building. The dock begins at the third window south of Clark street and extends for some distance southwardly along the side of the building. There is a canopy, sloping to the east, over the dock. The top of the canopy

is about two feet above the second floor window sills. One witness "guessed" there was about three feet of space between the canopy and the window. When plaintiff came to the canopy, he placed his ladder against it and went on top of the canopy with his bucket of water, sponge and squeegee, intending to walk along the canopy as his work proceeded. Plaintiff finished washing the three top rows of panes on the fourth window from Clark street and stepped off of the canopy onto the window sill preparatory to washing the lower panes when his foot slipped off of a slippery substance on the sill and he fell between the canopy and the building. He grabbed a brace supporting the canopy but could not maintain his grasp and fell to the concrete platform. Plaintiff sustained severe injuries to his left hand, right foot and his back. Additional facts will be developed in the course of the opinion.

Defendant contends that under § 287.040 (statutory references are to RSMo 1949, V.A.M.S.), plaintiff was a statutory employee of defendant and under § 287.120 may not maintain this action. Defendant also cites 1 Larson, Workmen's Compensation Law, 668, § 45.31; Viselli v. Missouri Theatre Bldg. Corp., 361 Mo. 280, 234 S.W. 2d 563, 567; Fox v. Fafnir Bearing Co., 107 Conn. 189, 139 A. 778, 779, 58 A.L.R. 861, and Kennedy v. J. D. Carson Co., Mo. App., 149 S.W.2d 424, 428.

Section 287.040 provides: "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in usual course of his business." Section 287.120 makes the rights and remedies of the act exclusive.

At the time of plaintiff's injuries the Aetna company and defendant were qualified employers, with approved insurers, under the Workmen's Compensation Law. The Aetna company gave plaintiff his instructions, paid his wages, $2.00 an hour, deducting therefrom social security, withholding and city earnings taxes. He was never in the actual employ of defendant. Plaintiff filed a claim against the Aetna company under the Workmen's Compensation Law, which claim is still pending.

The Viselli case, supra [361 Mo. 280, 234 S.W.2d 566], involved a death claim under the Workmen's Compensation Law arising out of the fall of a window washer, the employee of an independent contractor, against the appellant corporation as a statutory employer. The appellant operated, managed and maintained a 12-story office building, and under a stipulation filed before the Commission appellant not only furnished window cleaning service to its tenants as " 'an operation of (its) usual business' and 'in the usual course of (its) business'," but specifically contracted with its tenants to do so. Consequently, it was held, "under the stipulation and admitted fact, the window cleaning service was an integral and necessary part of the appellant's business, as the servicing of an elevator, by an independent contractor, was a necessary instrumentality in carrying on the business of a furniture store. Kennedy v. J. D. Carson Co., Mo.App., 149 S.W.2d 424, 428."

The Viselli case discusses the Connecticut case of Fox v. Fafnir Bearing Co., supra. Fox, an employee of an independent contractor, was injured while washing the windows of a factory manufacturing ball bearings and was held a statutory employee of the manufacturer. The court pointed out that the statutory provision involved was one of the most difficult of the Workmen's Compensation Law to apply and that the decisions were not harmonious, stating [107 Conn. 189, 139 A. 779]: "It [the application of the section] is in each case largely a question of degree and of fact." (See the Viselli case, 234 S.W.2d 563 [1].) In the Fox case the court con-

sidered window washing was not a "process" in the manufacture of ball bearings, but that defendant's operation etc. of a factory for the manufacture and offices etc. for the marketing of its product was an essential part of defendant's "'trade or business,' though not directly connected with any manufacturing process."

Section 287.040, supra, is not as broad as some similar provisions of the law of sister states. It provides that an employer who has work done under contract "which is an operation of the usual business which he there carries on" is a statutory employer of such contractor's employees. We said in State ex rel. Long-Hall Laundry & Dry Cleaning Co. v. Bland, 354 Mo. 97, 188 S.W.2d 838, 842: "The statute declares the operation performed by the workmen must be a part of the *usual* business which 'he'—that is, the particular employer—carries on"; and, quoting Perrin v. American Theatrical Co., 352 Mo. 484, 488, 178 S.W. 2d 332, 334 [1]: "'If the work being done at the time of injury is not an operation of, or in the *usual* course of, the business which the employer *customarily* carries on upon his premises, but is only incidental, ancillary, or auxiliary thereto, then'—the contractor or his employee is not a statutory employee." Roach v. Herz-Oakes Candy Co., 357 Mo. 1236, 212 S.W.2d 758, 762; Rucker v. Blanke Baer Extract & Preserving Co., Mo.App., 162 S.W.2d 345, 347 [4, 5]; Settle v. Baldwin, 355 Mo. 336, 196 S.W.2d 299, 306 [9]; Cummings v. Union Quarry & Const. Co., 231 Mo.App. 1224, 87 S.W.2d 1039, 1041 [3, 4]; Szofran v. Century Electric Co., Mo.App., 255 S.W. 2d 443, 448 [7]; 150 A.L.R. 1214(V, VI); 105 A.L.R. 580(III); 58 A.L.R. 872(III); 17 A.L.R.2d 637.

■ Defendant does not attempt to establish that our course should be recharted. The contention is overruled.

Defendant states plaintiff may not recover because (1) plaintiff failed to establish actionable negligence—the breach of a

duty owed a business invitee by an inviter, and also because (2) plaintiff was contributorily negligent as a matter of law.

The parties are agreed that plaintiff occupies the status of a business visitor or invitee. Roach v. Herz-Oakes Candy Co., supra; Streicher v. Mercantile Trust Co., Mo., 31 S.W.2d 1065, 1068 [4].

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (1) to make the condition reasonably safe, or (2) to give a warning adequate to enable them to avoid the harm * * *." 2 Restatement, Torts, 938, § 343; Devine v. Kroger Grocery & Baking Co., 349 Mo. 621, 162 S.W.2d 813, 818 [8]; Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369, 370 [3, 4]; 65 C.J.S., Negligence, § 45 a, b, p. 521, 38 Am.Jur. 754, § 96.

■■ "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers." 65 C.J.S., Negligence, § 50, p. 541. See also Harper v. First Nat. Bank, Mo., 196 S.W.2d 265, 267 [2, 3]; Small v. Ralston-Purina Co., Mo.App., 202 S.W.2d 533, 539; 38 Am.Jur. 754, § 96, nn. 2–6, § 97, n. 8; 2 Restatement, Torts, 938, § 343(b),

927, §§ 340, 341. "Thus, defendants as storekeepers are not liable for injuries resulting from open and obvious conditions which are or should be as well known to the invitee as to defendants." Douglas v. Douglas, Mo., 255 S.W.2d 756, 758 [5]. We stated in Giles v. Moundridge Milling Co., 351 Mo. 568, 173 S.W.2d 745, 748 [4], that the inviter "is not an insurer of his business invitee's safety (Main v. Lehman, 294 Mo. 579, 243 S.W. 91 [93 [2]]), and neither does he breach his duty to such an invitee when the condition complained of ·is open and obvious or as apparent to the invitee as it is to the owner or proprietor, because the basis of liability in such cases is the owner's superior knowledge. Murray v. Ralph D'Oench Co. [347 Mo. 365, 147 S.W.2d 623, 626 [1]]; Stoll v. First National Bank, 345 Mo. 582, 134 S.W.2d 97 [100 [3]]; Paubel v. Hitz, supra. When the condition relied on is obvious or actually known to the invitee there is no duty on the owner to warn him. Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723 [728]." See, among others, Cash v. Sonken-Galamba Co., 322 Mo. 349, 17 S.W.2d 927, 929 [6, 7, 10]; Summa v. Morgan Real Estate Co., 350 Mo. 205, 165 S.W.2d 390, 393 [1–3]; Hudson v. Kansas City Baseball Club, 349 Mo. 1215, 164 S.W.2d 318, 323 [8, 9], 142 A.L.R. 858; Anderson v. Kansas City Baseball Club, Mo., 231 S.W.2d 170, 173; Daggs v. Patsos, Mo.App., 260 S.W.2d 794, 798. These decisions mean that an inviter is under no duty to protect an invitee who is in an equal position to protect himself. Where the danger is obvious or known to the invitee he consents to the risk and the inviter owes no duty. In other instances the danger may be discovered by the exercise of due care and the defense of contributory negligence is available. Stein v. Battenfeld Oil & Grease Co., 327 Mo. 804, 39 S.W.2d 345, 351; Dietz v. Magill, Mo. App., 104 S.W.2d 707, 711; 65 C.J.S., Negligence, §§ 117, 121, 174, pp. 709 et seq.; 38 Am.Jur. 845, §§ 171 et seq.

Defendant argues that plaintiff's work necessitated his climbing upon the window sills of large buildings; that in the instant case, he was walking over the slanting, metallic roof· of the canopy and, according to his own evidence and photographic exhibits, walked upon and over or immediately adjacent to "smudges" and greasy-looking substances on the roof of the canopy, with smudges extending up ·the side of the building over the window on which he would work, all of which was in plaintiff's plain sight and line of vision; that it was broad daylight and near the noon hour; and that plaintiff's testimony that "it was dark down there," between the window and the canopy, was a bare. conclusion and had no probative value.

Plaintiff testified that if there were any "smudges" at or near the third window "I didn't notice any. Q. Did you notice any before you went down to the fourth window? Did you pay any attention to whether there was anything on the roof? A. No, sir, I didn't. Q. Before you jumped or stepped down, or whatever you did, to the window sill, did you pay any attention to whether anything was on the window sill? A. I looked down to see how far you would have to go and I see that the ledge is about that big (indicating) that you step on to. Like I say, that canopy has that base underneath; it blocked from the light, where it is dark in there. There ain't much you can see in there. * * * Q. Were you paying attention to whether or not there was any smudge on the roof or on the window sill? A. No, sir."

Witness Warner, plaintiff's co-worker, accompanied plaintiff to the hospital and returned the next day to finish the work. He finished washing the window in question and took a good look at the window sill. He testified the window sill had a hard black substance on it, which apparently had dropped from above, that became "very slippery" with water on it; that one

could see a small skid mark on the substance where something had slipped; and that the sill was shaded by the canopy and one could not see the sill very good.

This was the first time plaintiff or Warner had washed the windows of defendant's building.

George J. Fleischman, maintenance man for and defendant's witness, stated he did not know what caused the "smudges"; that nothing defendant had in use would cause them, but he knew the smudges were there and that they had been there for 7½ years. Plaintiff established by other witnesses that "that stuff" or the "smudges" had been on the window sill for several years and was known to be there by employees of defendant.

■ The instant case differs from defendant's case of Lindquist v. S. S. Kresge Co., 345 Mo. 849, 136 S.W.2d 303, 305 [4], where testimony that it was "dark" and "dim," was considered conclusions and of no probative value. In the instant case there was testimony that the canopy blocked the light off of the window sill and was the cause of the sill being dark and difficult to see. The probative value of the testimony was for the jury. In addition, there was evidence this condition of defendant's window sills had existed over a period of years. We may not say that the danger was so obvious to an invitee as to relieve defendant of liability as a matter of law.

■■ Defendant stresses the same testimony to establish contributory negligence as a matter of law. It is not contended that plaintiff was warned. Among the distinctions between trespassers, licensees, and business visitors is the right of the business visitor to assume that the inviter has exercised ordinary care to ascertain the actual condition of the premises and either make the premises reasonably safe or to warn of danger not obvious to one exercising ordinary care. A business visitor is not required to be on the alert to discover dangers which a trespasser or licensee might be negligent in not discovering. Boyer v. Guidicy Marble, Terrazzo & Tile Co., Mo., 246 S.W.2d 742, 745 [5, 6]; Twine v. Norris Grain Co., 241 Mo.App. 7, 226 S.W.2d 415, 420 [3–5]. In the circumstances of record whether plaintiff was contributorily negligent was a fact issue for the jury. Becker v. Aschen, 344 Mo. 1107, 131 S.W.2d 533, 537 [7, 8]; Kennedy v. Phillips, 319 Mo. 573, 5 S.W.2d 33, 39 [6]; Summa v. Morgan Real Estate Co., supra, 165 S.W.2d loc. cit. 393 [4]; De Moulin v. Roetheli, 354 Mo. 425, 189 S.W. 2d 562, 565 [6].

Defendant stresses Senseney v. Landay Real Estate Co., 345 Mo. 128, 131 S.W.2d 595, 598, where plaintiff opened the door of an elevator shaft, thought he saw the elevator, stepped in to turn on the light, and, the elevator being elsewhere, fell down the shaft. A working window cleaner stepping onto a shaded window sill differs from a person opening an elevator door and stepping into an empty elevator shaft. The facts also distinguish Bryan v. Sweeney, 363 Mo. 1024, 256 S.W.2d 769, where plaintiff mounted a ladder which was visibly wet several times prior to injury; Kobusch v. Ruberoid Co., 355 Mo. 48, 194 S.W.2d 911, where plaintiff failed to look; and Murray v. Ralph D'Oench Co., 347 Mo. 365, 147 S.W.2d 623, where plaintiff was warned of the situation.

Defendant attacks plaintiff's verdict directing instruction. The instruction, so far as material to the issues raised, informed the jury that defendant (emphasis ours) *"owed the duty* to the plaintiff *to exercise ordinary care to maintain such portion of the building that the plaintiff would normally be* expected to be *upon,* in washing the windows, *in a reasonably safe condition for the plaintiff to use* in so doing *and * * * [defendant] owed the duty* to exercise ordinary care *to give* the *plaintiff a timely* and sufficient *warning of any dangerous or not reasonably safe condition* existing on such portion of

the building *and any failure* on the part of * * * [defendant] to exercise ordinary care *in either of said respects, is negligence* as that term is used in this instruction."

The next paragraph of the instruction hypothesized the instant factual situation from plaintiff's view of the law and informed the jury "if you find *that the plaintiff was unaware of such dangerous and not reasonably safe condition of said window sill,*" and, applying the law as stated in the previous paragraph of the instruction, directed the jury to return a verdict for the plaintiff upon a finding that defendant failed to discharge either of the two duties submitted in said previous paragraph.

■ The instruction is erroneous in relieving plaintiff of responsibility upon a finding "that the plaintiff was unaware of such dangerous and not reasonably safe condition of said window sill." The standard of conduct exacted by the law is an external and objective standard and not the judgment of the individual actor, be it good or bad, and should be the same for all under like circumstances; in this instance the care of an ordinarily prudent and competent person. Beahan v. St. Louis Public Service Co., 361 Mo. 807, 237 S.W.2d 105, 106 [1, 2], affirming Mo.App., 230 S.W.2d 173, 175 [2, 3]; Hoepper v. Southern Hotel Co., 142 Mo. 378, 388(II), 44 S.W. 257, 259(2); The Germanic (Ocean Steam Nav. Co. v. Aitken), 196 U.S. 589, 596, 25 S.Ct. 317, 49 L.Ed. 610; Vaughan v. Menlove, 3 Bing.N.C. 468, 475; 65 C.J.S., Negligence, §§ 1, a, (4), 11, b, (2), pp. 310, 393; 38 Am.Jur. 679, § 33.

■ Plaintiff contends the error was cured by defendant's Instructions Nos. 4 and 5; citing Bartling v. Firestone Tire & Rubber Co., Mo.App., 275 S.W.2d 618, 625; Counts v. Thompson, 359 Mo. 485, 222 S.W.2d 487, 491 [1]. Defendant's said instructions relieved defendant of liability if plaintiff knew or in the exercise of ordinary care could have known of the dangerous condition et cetera. Plaintiff's cases so far as here applicable involved indefinite or ambiguous statements of some of the elements of the respective plaintiff's case and were considered to have been made definite and clear by specific requirements of defendant's instructions. We find no case approving the measure of one's duty by his individual judgment. In the instant case plaintiff's instruction and defendant's instruction submitted different standards of care. We cannot say the jury did not follow plaintiff's submission, a positive misdirection not to be cured by defendant's correct instructions. Stith v. St. Louis Public Service Co., 363 Mo. 442, 251 S.W. 2d 693, 699 [12], 34 A.L.R.2d 972; State ex rel. City of Jefferson v. Shain, 344 Mo. 57, 124 S.W.2d 1194, 1196 [1, 4, 5]; Anderson v. Prugh, 364 Mo. 557, 264 S.W.2d 358, 365 [14]; Gaines v. Property Servicing Co., Mo., 276 S.W.2d 169, 176 [12]; Burlingame v. Landis, 362 Mo. 523, 242 S. W.2d 578, 581 [4].

With respect to plaintiff's submission in the instruction of defendant's duties in the conjunctive, plaintiff states in his brief "defendant owed the duty to exercise ordinary care to (1) keep its premises in a reasonably safe condition for use by its invitees *and* (2) to give a timely and sufficient warning of any dangers existing thereon." Plaintiff stresses Ilgenfritz v. Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723, 726 [2]; State ex rel. Elliott's Department Store Co. v. Haid, 330 Mo. 959, 51 S.W.2d 1015, 1018 [1]; Oliver v. Oakwood Country Club, Mo., 245 S.W.2d 37, 40 [3, 5, 6]. The texts and cases wherein the issue was presented state defendant's duty in this respect in the alternative (as did defendant's instructions), and that an inviter breaches no legal duty as to dangers which are obvious or known and appreciated by the invitee. (See the authorities mentioned supra in discussing defendant's point that plaintiff failed to make a case.) We do not read plaintiff's cases to rule contra. Of what avail is a

proper warning of a nonobvious danger if plaintiff, disregarding the warning, proceeds, is injured and defendant remains liable? Murray v. Ralph D'Oench Co., supra, 147 S.W.2d 623, 626, is to the effect that there was no substantial evidence of negligence where a warning once given was not repeated while conditions remained unchanged. See Main v. Lehman, 294 Mo. 579, 243 S.W. 91, 94; Paubel v. Hitz, supra, 96 S.W.2d loc. cit. 373, 374. The instruction should be redrafted.

The judgment is reversed and the cause is remanded.

BARRETT, C., concurs in result.

STOCKARD, C., concurs.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.