**Ruby GILMORE, Plaintiff-Appellant,**

v.

**KANSAS CITY TERMINAL RAILWAY COMPANY, a corporation, Defendant-Respondent.**

**No. 24713.**

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1967.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 4, 1967.

Allan R. Browne, Ennis, Browne & Martin, Kansas City, for appellant.

Sam D. Parker, W. M. Stapleton, Daniel M. Dibble, Lathrop, Righter, Gordon & Parker, Kansas City, for respondent.

R. KENNETH ELLIOTT, Special Judge.

Plaintiff, an employee of the Pullman Company for over 20 years, was walking to her employment on January 17, 1964, at about 5:15 a.m. when she fell on a patch of ice located on defendant's premises and was thereby injured. A jury verdict of $1,500 was returned for plaintiff and the trial court thereafter sustained defendant's after-trial motion for judgment and also granted in the alternative, a new trial. Plaintiff appeals.

■ The fundamental question presented here is the status of the plaintiff on defendant's premises at the time she fell. Plaintiff contends that she was a business invitee of defendant. Defendant maintains that the plaintiff was at best a licensee and defendant owed plaintiff no duty of ordinary care, but that plaintiff must take the premises as she found them. Twine v. Norris Grain Co., Mo.App., 226 S.W.2d 415.

To determine whether the evidence will sustain plaintiff's contention we shall, of course, view plaintiff's evidence in the light most favorable to plaintiff, give her the benefit of all favorable reasonable inferences, and disregard defendant's evidence unless it aids plaintiff's case. Capriglione v. Southwestern Bell Telephone Co., Mo., 376 S.W.2d 205; Gardner v. Simmons, Mo., 370 S.W.2d 359; Keeney v. Callow, Mo., 349 S.W.2d 75.

Plaintiff testified that it was dark at the time she fell as she walked on defendant's premises toward the Pullman Company area which was located on defendant's land, and that there was no way to go to work except over the defendant's property. She said that for 25 years, without objection by defendant, she had come to work by driving onto defendant's premises from the north, where she parked her car, and walked down a ramp and over a board walkway to the Pullman building. Plaintiff further testified and admitted that she had seen defendant's Exhibit 3, which was a bulletin dated January 18, 1963, prohibiting parking in certain areas. Defendant's master mechanic, Lehman, testified that the area prohibited by his bulletin was the one in which plaintiff parked. Plaintiff testified that she parked in the north yard but that there was a south yard in which she could have parked which was farther away than the north yard. Plaintiff further testified that she asked Lehman in a telephone call for permission to park closer and that he refused, but did tell her to park over there (north) or on Southwest Boulevard, which was farther. Plaintiff's testimony did not specify when this conversation took place, and such conversation was denied by defendant's witness Lehman. Plaintiff then testified on cross-examination that she had not asked anyone for permission to park where she did on the day of the accident.

The only evidence, other than that as to the ownership of the land, relating to the relationship of defendant with plaintiff's employer, came from defendant's witnesses, wherein it was disclosed that the Pullman Company had a building on defendant's land to which building plaintiff came to work; that the defendant would switch cars, both Pullman and other railroad cars, to the Pullman premises, but that the cars were serviced for other railroads, not for defendant. Defendant operates no trains and owns no passenger equipment.

Defendant's evidence disclosed that the "North Coach yard", where plaintiff fell, was abandoned and closed in 1963, and that there was a parking lot available to Pullman employees to the south of the Pullman building.

This court, in Twine v. Norris Grain Co., supra, analyzed in detail the classification of persons who enter land in the possession of another. In part, this court stated in that case as follows: "A licensee (often called 'a bare licensee') is one who enters the premises for his own purpose and with the express or implied consent of the possessor. The possessor is under no duty to such a person to make the premises safe or to warn of dangerous conditions thereon, the possessor being liable only for 'wanton or willful' acts or 'active negligence.' Glaser v. Rothschild, en Banc, 221 Mo. 180, 184, 120 S.W. 1, 2, 22 L.R.A.,N.S., 1045, 17 Ann.Cas. 576. An invitee (sometimes called a 'business guest') is one who enters the premises with the express or implied consent of the possessor and for some purpose of real benefit or interest to the possessor or for the mutual benefit of both. The duties which a possessor owes to such a person include the obligation to made the premises safe or to warn of dangerous conditions thereon, as well as the duties which are owed to a licensee. Giles v. Moundridge Milling Co., 351 Mo. 568, 573, 173 S.W.2d 745, 748; Cash v. Sonken-Galamba Co., 322 Mo. 349, 453, 17 S.W.2d 927, 929."

Plaintiff cites Gruhalla v. George Moeller Construction Co., Mo.App., 391 S.W.2d 585, wherein the plaintiff attended a meeting held at a church school and fell in the foyer when leaving. The St. Louis Court of Appeals reversed the trial court and di-

rected that court to enter judgment for defendants, saying at page 591: "While we have said that it can be assumed that plaintiff was on the school premises with the permission and implied consent of Father Naes, the mere fact of such an implied invitation alone is not sufficient to make one an invitee in the legal sense. Mere permission without more involves 'leave and license,' but bestows no right to the care due an invitee."

The Gruhalla case further emphasizes the necessity of some real benefit or interest to the landowner in order to place the plaintiff in the status of an invitee; and the burden of showing this devolves upon plaintiff. Argus v. Michler, Mo.App., 349 S.W.2d 389, 93 A.L.R.2d 776.

We have carefully examined the evidence in this case and find the record silent as to any facts which would show a real benefit to defendant without resort to speculation and conjecture. The record is silent as to facts which would show a real interest or mutuality in plaintiff's purpose at the time she fell, that is, proceeding to her employment with the Pullman Company.

■ We hold in the instant case, as we held in Twine v. Norris Grain Co., supra, that plaintiff was not an invitee of the defendant. Plaintiff cannot enjoy the status of an invitee in the absence of any "real benefit" to the owner. Gilliland v. Bondurant, 332 Mo. 881, 59 S.W.2d 679; Twine v. Norris Grain Co., supra.

Plaintiff argues that, by virtue of her employment by the Pullman Company to clean railroad cars (not belonging to defendant), and by virtue of the fact that she had walked over the defendant's property for years, it was unnecessary that she be denominated a "business" invitee in order to recover, but that it was sufficient to show she was on the owner's premises for some purpose connected with his business, or beneficial to the owner. Plaintiff cites Gruhalla v. George Moeller Construction Co., supra, at page 592, of 391 S.W.2d, headnoted as [7], which is hereby quoted

from the opinion in full: "Simply and concisely stated, an invitee in the legal sense is one who is invited into the premises of the owner or occupier for some purpose connected with the business in which the owner or occupant of the premises is then engaged or for any other purpose beneficial to the owner or occupant. To establish such relationship (of invitee and invitor) there must be some real benefit to the invitor or mutuality of benefit or interest in the subject to which the invitee's business or purpose relates."

When we proceed, however, to headnote symbol [8], which immediately follows, we find that the court additionally states: "As heretofore stated, it is the purpose for which a person visits the premises of another which determines whether he is an invitee or a licensee. Therefore, we examine the evidence to determine what purpose plaintiff had in visiting the school building on the occasion of her accident. * * *" Plaintiff also cites Savage v. Chicago, R. I. & P. Ry. Co., 328 Mo. 44, 40 S.W. 2d 628, in which case the plaintiff alleged that he had to cross the tracks used by defendant railroad in order to get to his employment, and that defendant knew this, and while so crossing the plaintiff was struck by defendant's engine and injured. Plaintiff argued on appeal, that since plaintiff's employer. Wabash Railroad, also used the tracks on which defendant was operating the train which injured plaintiff, and since by necessity plaintiff crossed the tracks to get to his employment, plaintiff was an invitee of defendant. Our Supreme Court ruled this contention adversely to the plaintiff therein, stating at page 631: "We do not think that plaintiff's evidence was sufficient to show that plaintiff was an invitee. The use plaintiff was making of the tracks was for his own convenience in going to work, and while, perhaps, the most convenient way for him, he was not instructed to use it and it was not the only way he could have used. * * * An 'invitee' is one who is on railroad premises for the company's interest and benefit, as well as his own; while a 'li-

censee' is one who, being neither a passenger, servant, nor trespasser, nor standing in any contractual relationship to the company, is expressly or impliedly permitted by the company to come on its premises for his own convenience or gratification. * * *"

This language is applicable to the facts in the instant case. It is clear that the purpose for which the plaintiff herein visited the premises of the defendant was to go to her work for another company, and was for her own convenience. Plaintiff has not proved any real benefit to the defendant arising from that purpose. The evidence of defendant's ownership of the land and the evidence of car-switching operations by defendant for other railroads, does not suffice to show plaintiff was an invitee.

In Oliver v. Oakwood Country Club, Mo., 245 S.W.2d 37, cited by plaintiff, the plaintiff was an applicant for a job with defendant and was on defendant's premises for that purpose when injured. Those facts distinguish that case from the case before us.

The judgment for defendant is affirmed.

All concur.