Sarah **POTTER**, Plaintiff-Respondent,

v.

Louis I. **ZORENSKY** et al., d/b/a Northwest Plaza Shopping Center, Defendants-Appellants.

No. 34689.

Missouri Court of Appeals, St. Louis District, Division Two.

Jan. 29, 1974.

Motion for Rehearing or Transfer Denied March 8, 1974.

Application to Transfer Denied May 13, 1974.

Carter, Bull, Baer, Presberg & Lee, Doris J. Banta, St. Louis, for defendants-appellants.

Steiner & Fenlon, Clayton, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendants appeal from a judgment entered pursuant to a jury verdict awarding

plaintiff $7,000 for damages incurred when she slipped and fell on defendants' parking lot. Defendants are the owners of Northwest Plaza Shopping Center in St. Louis County.

Defendants' main contention is that plaintiff failed to make a submissible case for various reasons, including a failure to prove defendants' negligence. More specifically defendants contend that as a matter of law the evidence fails to establish that they maintained upon their land a defective condition which caused the land not to be reasonably safe. We agree and reverse the judgment.

Plaintiff was seventy years old when she fell. It was a bright, sunny day. She was walking across the asphalt surface of an access road on the parking lot when her right foot slipped on an "uneven section" of the road. The uneven section was a seam resulting from the intersection of a more recently surfaced portion of the roadway and an older section. The more recently resurfaced area was smooth, the older section was somewhat rougher and slightly pitted as is found with weathered asphalt. There was no hole or step, but there was a slight difference in height between the two sections as they merged together. Plaintiff's daughter characterized the condition:

"It's not to where it just jumped out at you, it's not a hole three or four inches deep, but when you're looking for it, when you know there was a reason that someone fell . . ."

Plaintiff's photographic exhibits do not show a hole or step but rather a slight change in texture and height between the two sections.

■ Defendants' owed to plaintiff, an invitee, the duty of reasonable care to prevent injury. Their duty was to provide a road and parking lot reasonably safe for pedestrians. But defendants do not owe plaintiff absolute safety nor are they insurers of her safety. Lindquist v. S. S. Kresge Co., 345 Mo. 849, 136 S.W.2d 303 (1940); Fowler v. Terminal Railroad Ass'n of St. Louis, 372 S.W.2d 497 (Mo. App.1963).

■ The condition shown by the evidence was a slight imperfection in the road surface of the parking lot. Such imperfections are to be expected on traveled road surfaces and defendants are not chargeable with foreseeing that such imperfections will cause injury to persons using reasonable care in walking on such surfaces. See Jeswald v. Hutt, 15 Ohio St.2d 224, 239 N.E.2d 37 (1968); Seal v. Safeway Stores, 48 N.M. 200, 147 P.2d 359 (1944); Sanders v. Jefferson Furniture Company, 111 Ga.App. 59, 140 S.E.2d 550 (1965); Associated Distributors, Inc. v. Canup, 115 Ga.App. 152, 154 S.E.2d 32 (1967). See also Hopkins v. Sefton Fibre Can Company, 390 S.W.2d 907 (Mo.App.1965). The evidence does not establish that the parking lot was not reasonably safe and the court should have sustained defendants' motion for directed verdict.

Judgment reversed.

CLEMENS and McMILLIAN, JJ., con cur.