Elva Mae HARBOURN, Respondent,

v.

KATZ DRUG COMPANY and Harold D. Clifton, Appellants.

No. 46321.

Supreme Court of Missouri, Division No. 2.

Nov. 10, 1958.

Motion for Rehearing or to Transfer to Court en Banc Denied Dec. 8, 1958.

Howell, Rayburn & Sanders, Robert J. Sanders and John A. Weiss, Kansas City, for appellant, Katz Drug Co.

Shughart & Thomson, Frank J. Stark and John R. Caslavka, Kansas City, for appellant Harold D. Clifton.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondent.

STOCKARD, Commissioner.

Appellants, Katz Drug Company and Harold D. Clifton, have appealed from a judgment in favor of Elva Mae Harbourn in the amount of $9,500 for personal injuries sustained when she fell over the platform of a scale located in one of the Katz stores. The parties will subsequently be referred to as in the trial court.

The cause was submitted to the jury on the alleged negligence of the defendants in that they failed to warn the plaintiff of the location of the platform of the scale and failed to erect barriers around it. Defendants have assigned as error the refusal of the trial court to direct a verdict in their favor and the giving of two of the instructions requested by plaintiff.

The Katz store where the accident occurred is located at 12th and Walnut Streets in Kansas City, Missouri. The building is not "squared-off" at the southeast corner, but "has been cut diagonally from 12th and Walnut across the corner," and in this portion there are located two sets of double doors with a supporting column between them. On the inside of the store, and against this column, there was located the scale or weighing machine over which plaintiff fell. The upright portion of the scale was approximately five and one-half feet high, twelve inches wide, and eight inches deep. At its base there was a platform, extending away from the column, approximately two feet in length and six inches high. The scale was "white or light color," and the platform had a black rubber surface. In front of the scale there was an open area or entrance way approximately fourteen to fifteen feet across. The floor in this area was covered with alternate light and dark 10-inch asphalt tile.

On January 20, 1955, about 4:30 o'clock in the afternoon, plaintiff entered the Katz store through a door other than those in the southeast corner, and after drinking a cup of coffee at the fountain she went to the candy counter. She then started to leave the store and walked across the open area or entrance way in the southeast corner of the store to the north set of double doors, but as she testified, "I don't know whether the door was fastened, locked or what was wrong, but I couldn't get out." Plaintiff then turned to her right to go to the south set of double doors and took one step and fell over the platform of the scale and was injured.

The parties agree that plaintiff occupied the status of a business visitor or invitee, and the rule as to defendants' duty and liability to one in such status, as stated in 2 Restatement, Law of Torts, § 343, is as follows: "A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an

unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to remain upon the land without exercising reasonable care (i) to make the condition reasonably safe, or (ii) to give a warning adequate to enable them to avoid the harm * * *." See also Wilkins v. Allied Stores of Missouri, Mo.Sup., 308 S.W.2d 623 [2]; Dean v. Safeway Stores, Mo.Sup., 300 S.W.2d 431, 432; Dixon v. General Grocery Company, Mo., 293 S.W.2d 415 [1]; 65 C.J.S. Negligence § 45 b. In the application of this rule it has been held that "'The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal, obvious, or ordinary risks attendant on the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers.'" Dixon v. General Grocery Company, supra [2] [293 S.W.2d 418]. The owner or occupier is not an insurer of the business invitee's safety, Main v. Lehman, 294 Mo. 579, 243 S.W. 91 [2], and the basis of his liability is his superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know. Stafford v. Fred Wolferman, Inc., Mo.Sup., 307 S.W.2d 468 [3]; Cameron v. Small, Mo.Sup., 182 S.W.2d 565 [6]; Summa v. Morgan Real Estate Co., 350 Mo. 205, 165 S.W.2d 390 [1]; Murray v. Ralph D'Oench Company, 347 Mo. 365, 147 S.W.2d 623 [1]. It follows that when the condition contended to constitute an unreasonable risk is obvious to one in the exercise of ordinary care, or is actually known to the invitee, there is no duty on the owner or occupier to warn him. Summa v. Morgan Real Estate Co., supra [2]; Wiedanz v. May Department Stores Co., Mo.App., 156 S.W. 2d 44 [4]. Therefore an owner or occupier is not liable for injuries resulting from open and obvious conditions which are or should be as well known to the invitee as to the owner or occupier. Douglas v. Douglas, Mo.Sup., 255 S.W.2d 756 [5]; Cameron v. Small, supra [6]; Stoll v. First Nat. Bank of Independence, 345 Mo. 582, 134 S.W.2d 97, 100.

The manager of the store, defendant Clifton, testified that he caused the scale to be placed in the entrance way against the column between the two sets of double doors, and that it had been there for over a year. He also testified that he did not recall that the north set of doors was locked on the day that plaintiff fell, but if those doors were locked it would have been his duty to lock them and that no one else would have done it. Both defendants admit in their briefs, for the purpose of this appeal, that the north set of doors was locked. Under these circumstances a jury could reasonably find that defendants knew or should have known that customers attempting to leave the store would go to the north set of doors, and in finding it locked would then turn to go to the south set of doors, and that the platform of the scale would extend directly into the path of the customer who had turned from the locked set of doors to go to the other set of doors. When all the doors were unlocked the scale was not in the normal path of customers going in and out of the doors. Therefore, it was not the position of the scale alone that created the unreasonable risk, but it was the combination of the locked set of doors and the location of the scale with its platform directly in the path of a customer who had been required by reason of the locked doors to change his course of travel in leaving the store.

■ In determining whether the defendants were entitled to directed verdict, the principal question is whether the evidence, when considered most favorably to the plaintiff, established as a matter of law that the dangerous condition was known to plaintiff, or was so open and obvious that she in the exercise of ordinary care should have known of the condition and appre-

ciated the hazard, and for that reason there was no duty on the defendants to warn her of it. In arguing this question the parties have apparently taken the position that the presence of the scale alone constituted the dangerous condition, and we shall first consider the evidence on that basis.

Plaintiff's evidence affirmatively establishes that the store was "brightly illuminated," and that the scale was located in an open area and not concealed behind or under anything. On direct examination she testified that prior to her fall she had "a hazy idea" that the scale was around the door somewhere, and that she had "a hazy idea it set in the wall," but that before she fell she did not see the platform of the scale. On cross-examination she testified that she had good clear vision while in the store, that the scale was plainly visible and that she knew "those types" of scales had a platform.

Plaintiff introduced in evidence three photographs showing the scale between the two sets of double doors. In these photographs the scale, including its platform, is plainly and clearly visible. On cross-examination plaintiff was asked if the scale was "as obvious and as visible as represented by these photographs" and she replied, "yes."

Defendants place considerable emphasis on certain testimony given by plaintiff on deposition in which she stated that as she approached the doors to leave the store she saw the scale. Typical questions and answers on deposition are as follows:

"Q. Did you see the scale as you approached the doors to leave the store, did you see a scale sitting there between the doors? A. I saw those scales there.

"Q. That is, as you left the fountain and started to leave the store and walked toward the doors, did you see the scales at that time? A. I knew the scales were there—yes, I saw the scales."

Upon cross-examination plaintiff testified as follows:

"Q. Did you momentarily forget about those scales that you had seen when you fell over them? A. I was looking straight at the door.

"Q. Well, did you momentarily forget about those scales after you saw them when you were at the candy counter? A. Yes.

"Q. So after you saw the scales at the candy counter and as you walked towards the door, then you momentarily forgot about the scales and fell over them, is that correct, ma'am? A. I was looking straight at the door to see if anyone was coming in.

"Q. Well, you did momentarily forget about the scales, did you, ma'am? A. I thought they were setting in a wall.

"Q. What part of the scales, ma'am? A. All of it.

"Q. All of it. But the scales were plainly visible, were they, ma'am? A. Yes."

Counsel for defendants then read from plaintiff's deposition the following question and answer:

"Q. Can you say definitely that you distinguished the scale from the doorway? A. Well, I think I did."

He then asked plaintiff the following questions and received the following answers:

"Q. Now was that question asked you and did you make that answer, ma'am? A. I did.

"Q. And that was true at the time your deposition was given, ma'am? A. Yes.

"Q. And it's true now, is it not? A. Yes."

It is apparent from the above testimony of plaintiff that the location of the scale between the two sets of doors was open and obvious, and also that before her fall

plaintiff had actual knowledge of its location. Therefore, if the presence of the scale between the doors, without the circumstance of the locked set of doors, constituted a condition involving an unusual risk, then plaintiff, by her own evidence, established that she was as fully aware of the condition as were the defendants. Under such circumstances we would not hesitate to rule that there was no liability on defendants. Murray v. Ralph D'Oench Company, 347 Mo. 365, 147 S.W.2d 623; Stoll v. First Nat. Bank of Independence, 345 Mo. 582, 134 S.W.2d 97; Paubel v. Hitz, 339 Mo. 274, 96 S.W.2d 369; Ilgenfritz v. The Missouri Power & Light Co., 340 Mo. 648, 101 S.W.2d 723. However, as previously stated, under the facts of this case the condition involving an unusual risk which resulted in injury to plaintiff was not merely the presence of the scale between the two sets of double doors, but it consisted of the combination of circumstances of one set of the doors being locked and the scale being so located that when an invitee went to the locked set of doors and then turned to go to the unlocked doors the scale was directly at his feet outside his normal range of vision and directly in his path. Although plaintiff established by her own evidence that the presence of the scale was open and obvious and that she knew of its presence, there is no contention that she knew or should have known that the north set of doors was locked. Therefore, we cannot say as a matter of law that under the peculiar and unusual facts of this case the condition involving an unusual risk was known to plaintiff prior to her encountering it, or that it was so open and obvious that in the exercise of ordinary care she should have known of the condition and appreciated the hazard, and for that reason there was no duty on the defendants to warn her of it. The trial court did not err in refusing to direct a verdict for defendants on the ground that there was no actionable negligence on their part.

Defendants next contend that plaintiff's evidence establishes that she was contrib-utorily negligent as a matter of law. Particular reliance is placed on Lamberton v. Fish, Mo.Sup., 148 S.W.2d 544, where the invitee saw the dangerous condition but subsequently forgot about it; on Murray v. Ralph D'Oench Co., supra, where the invitee was warned of the dangerous condition and then "either forgot or disregarded the warning;" and on numerous cases to the effect that where a duty to look exists, the failure to see what is plainly visible constitutes contributory negligence as a matter of law. See Cash v. Sonken-Galamba Co., 322 Mo. 349, 17 S.W.2d 927; Kobusch v. Ruberoid Co., 355 Mo. 48, 194 S.W.2d 911; McGinnis v. Hydraulic Press Brick Co., 261 Mo. 287, 169 S.W. 30. However, this argument overlooks the fact that under the peculiar facts of this case the presence of the scale did not alone constitute the condition involving an unusual risk, and plaintiff did not know, and we cannot say she should have known, that the north set of doors were locked and that upon reaching them she would have to change her expected course of travel. Also, there is no evidence which would establish that as a matter of law she was warned that the doors were locked. Therefore, the question is whether she was contributorily negligent as a matter of law in falling over the scale, which she admittedly saw as she approached the doors but momentarily forgot when she unexpectedly encountered the locked set of north doors.

▪▪ It is unquestionably correct, and properly so, that generally an invitee who is aware of a dangerous condition cannot impose liability on the possessor of property because he momentarily forgot about it and was injured. Lamberton v. Fish, supra; 38 Am.Jur., Negligence, § 187; Annotation, 39 L.R.A., N.S., 896. Also, in order to fulfill his duty to an invitee the possessor need not make repeated warnings. Here plaintiff did not momentarily forget about the north doors being locked and that if she went to them she would then have to change her course of travel and cross over or go around the platform of

the scale. What she momentarily forgot was the presence of an object which, when she saw it, she had no reason to believe was in or near her expected course of travel. "Circumstances may exist under which forgetfulness or inattention to a known danger may be consistent with the exercise of ordinary care, as where the situation requires one to give undivided attention to other matters, or is such as to produce hurry or confusion, or where conditions arise suddenly which are calculated to divert one's attention momentarily from the danger." 65 C.J.S. Negligence § 120, pp. 726-727. Here the defendants in effect invited plaintiff to leave the store by the north set of doors, but when she reached those doors she found them to be locked, a condition suddenly incurred which under the circumstances would not normally be expected and which unquestionably would result in a certain degree of confusion on plaintiff's part. Common experience teaches us that not all of our past mental impressions are carried into present consciousness, and when plaintiff saw the scale as she approached the doors, she saw only an object not inherently dangerous and which was not in or near her expected path. In leaving the store in the manner intended she had no reason whatever to be concerned about a scale located outside of her intended path. Under these particular circumstances it would be a jury question whether or not plaintiff was negligent, that is, whether or not her forgetfulness was "induced by some sudden and adequate disturbing cause," 38 Am.Jur., Negligence, § 187, when she suddenly found the north set of doors locked and turned to go to the unlocked doors and then momentarily forgot in the resulting confusion that she had previously seen the scale located where she then intended to travel in order to get to the south set of doors and leave the store. For somewhat related situations, see Goldman v. City of Columbia, Mo.App., 211 S.W.2d 541 [5]; Wheeler v. Sioux Paving Brick Co., 162 Iowa 414, 142 N.W. 400 [9]; Andre v. Allynn, 84 Cal.App.2d 347, 190 P.2d 949 [4]; Flattery v. Goode, 240 Iowa 973, 38 N.W.2d 668 [7]; Schance v. H. O. Adams Tile Company, 131 Cal. App.2d 549, 280 P.2d 851 [4-7]. See particularly the discussion of this question in 38 Am.Jur., Negligence, § 187.

▮ Defendants challenge plaintiff's verdict-directing instruction, which, after hypothesizing that defendant Katz Drug Company was the owner and defendant Clifton was the manager of the store where plaintiff fell; that plaintiff was a customer in the store; and that the scale was located between the two sets of double doors, then provided as follows: " * * * and if you further believe and find from the evidence that the plaintiff in attempting to leave said store went first to the north pair of said doors and was unable to open said doors and turned to her right and proceeded toward the south pair of such doors and in so doing was caused to trip or fall over the platform of such scale and was injured, and if you further believe and find from the evidence that plaintiff had no knowledge of the position and location of the platform of said scale and that defendants failed to warn the plaintiff of the location and position of the platform of such scale and failed to erect barriers around or about the platform of such scale and that the location and position of the platform of such scale was not open and obvious, and if you further believe and find from the evidence that the maintenance of such platform scale in said entranceway between said pairs of swinging doors and in close proximity to said doors, and the failure of the defendants to warn the plaintiff of the position and location of the platform of such scale in said place, and the defendants' failure to erect barriers around or about the platform of such scale was negligence and that such negligence, if you so find, directly caused plaintiff's fall and injuries, if you find the plaintiff sustained injuries, and if you further believe and find from the evidence that the plaintiff was in the exercise of ordinary care for her own safety at all of the times mentioned in evidence, then you are instructed your verdict should be in

favor of the plaintiff, Elva Harbourn, and against the defendants." Defendants' challenge to this instruction is that it imposed a greater duty on them than the law requires in that it directed a verdict for plaintiff if the jury found that defendants failed to warn plaintiff of the location of the platform of the scale and also failed to erect barriers around it. However, from what we have previously said, plaintiff's evidence established that she had knowledge of the location of the scale and its platform, and also that it was open and obvious to her. Therefore, it would appear that plaintiff, as an invitee, was not entitled to submit to the jury as a basis of negligence on the part of defendants that she had no knowledge of the location of the platform of the scale and that defendants failed to warn her of its location. There is no duty on the part of an owner or possessor of premises to warn an invitee of a condition which is open and obvious or which is actually known to the invitee.

Assuming, however, that the submission of the location of the scale and the failure to warn plaintiff of it was authorized in this case as contended by plaintiff, the instruction is still erroneous for the reasons assigned by defendants. Plaintiff inferentially acknowledges, and it is unquestionably correct, that a warning imparting notice of the dangerous condition would have discharged defendants' legal obligation to her. See Paubel v. Hitz, 339 Mo. 274, 96 S.W. 2d 369, 373–374; Murray v. Ralph D'Oench Company, 347 Mo. 365, 147 S.W.2d 623, 626. But, it is her contention that the instruction told the jury that defendants would not be liable to plaintiff "if they gave warning of the hazardous condition *or* if they erected barriers around it." We do not so read the instruction. Note its language: " * * * if you further believe and find from the evidence that * * * defendants failed to warn the plaintiff of the location and position of the platform of such scale and failed to erect barriers around or about the platform of such scale * * * and the failure of the defendants

to warn the plaintiff of the position and location of the platform of such scale in said place, and the defendants' failure to erect barriers around or about the platform of such scale was negligence * * * then you are instructed your verdict should be in favor of the plaintiff * * *." By this language the jury was plainly told that it should find defendants were negligent if they failed to warn *and* failed to erect barriers, that is, if they failed to do both. This is an incorrect statement of the law. As stated in Dixon v. General Grocery Company, supra [293 S.W.2d 421], "of what avail is a proper warning * * * if plaintiff, disregarding the warning, proceeds, is injured and defendant remains liable?"

■ Plaintiff attempts to justify this instruction under the much abused doctrine of nonprejudice because of a "conjunctive submission." This rule is "frequently applied in cases where several grounds of negligence are hypothesized in an instruction conjunctively, each ground being alone sufficient to support a verdict but one or more of such grounds being unsupported by the evidence, though there is sufficient evidence to support the other hypothesized grounds of negligence." Although the soundness of the rule has been questioned, Adams v. Thompson, Mo.App., 178 S.W.2d 779, it is held that such an instruction is not prejudicially erroneous because "When the jury, in such a situation, purports to find for the plaintiff upon all the grounds hypothesized, it necessarily finds for him upon the ground which has support in the evidence; and its purported finding upon the unsupported ground is therefore harmless to the defendant." See Beahan v. St. Louis Public Service Company, 361 Mo. 807, 237 S.W.2d 105, 107.

Notwithstanding the application of the rule of nonprejudice when there is a conjunctive submission in the situation above referred to, the rule does not apply if one of the submitted grounds of negligence is an improper statement of the law. Beahan v. St. Louis Public Service Co., supra [3];

Wilson v. Kansas City Public Service Company, Mo.Sup., 291 S.W.2d 110 [17]; Fitzpatrick v. St. Louis-San Francisco Railway Co., Mo.Sup., 300 S.W.2d 490 [11]. We doubt if the conjunctive submission rule, if it were otherwise applicable, would remove the prejudicial effect of this instruction. It is true that one way of making the premises safe probably would be to erect a barrier around the platform of the scale, and of course the failure to erect a barrier could properly be hypothesized as a circumstance from which the jury could find that the premises were not safe. This instruction purports to require defendants, as a matter of law, to erect a barrier in order to be relieved of liability. The duty on the possessor of the premises is to warn of the dangerous condition or to make the premises safe, not necessarily to make them safe by erecting a barrier. Therefore, the instruction submits two grounds of negligence in the conjunctive, one of which is an improper statement of the law.

This court has held that it will examine an instruction submitting more than one ground of negligence in the conjunctive to determine whether it is, in fact, confusing and misleading and thus prejudicial. Wilson v. Kansas City Public Service Company, supra, 291 S.W.2d at page 118. As previously noted, the accepted situation in which the nonprejudice rule of a conjunctive submission applies is limited to the submission of two or more grounds of negligence in the conjunctive when one or more, but not all, is not supported by the evidence. Here there is no question but that the submission of the failure to warn of the presence of the scale and the submission of the failure to make the premises safe by erecting a barrier around or about the scale (assuming it was proper to make these submissions) were each supported by the evidence. Therefore, the nonprejudice rule of conjunctive submission really has no application. The actual question is whether the instruction, by its submission of the two grounds of negligence in the manner in which it was done, constitutes a correct

declaration of the law, and for the reasons previously stated, it does not. Therefore, the instruction is erroneous.

Defendants object to plaintiff's measure of damage instruction because it contained the provision at the end that "but in no event shall your verdict exceed the sum of $12,500," which was the sum requested in the prayer of the petition. In the event of a new trial, plaintiff may, if the occasion arises and she is so advised, take into consideration the objections presented in defendants' briefs to such a provision.

The judgment is reversed and the cause is remanded.

BOHLING, C., dubitante.

BARRETT, C., concurs.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.